## Shannon, Auditor, v. Grieb, Clerk of Court, et al.

(Decided Dec. 15, 1936.)

B. M. VINCENT, Attorney General, and M. B. HOLIFIELD, Assistant Attorney General, for appellant.

LAWRENCE S. GRAUMAN, County Attorney, and STUART E. LAMPE, Assistant County Attorney, for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

There was a controversy between the Auditor of Public Accounts on the one hand, and the Clerk of the Jefferson County Court, the Sheriff of Jefferson County, and the Clerk of the Circuit Court of Jefferson County on the other hand, concerning the right of the officer to have any surplus accumulated from the 75 per cent. of the fees paid into the State Treasury by him to be used in any succeeding month for the purpose of making up any deficit in the amount available for the purpose of paying salaries and expenses of the office, and this action was brought in the Franklin Circuit Court to obtain an adjudication of the question. The court sustained the right of the officers, and the Auditor has appealed.

Section 106 of the Constitution is as follows:

"The fees of county offices shall be regulated by law. In counties or cities having a population of seventy-five thousand or more, the clerks of the respective courts thereof [except the clerk of the city court], the marshals, the sheriffs and the jailers, shall be paid out of the state treasury, by salary to be fixed by law, the salaries of said officers and of their deputies and necessary office expenses not to exceed seventy-five per centum [75%] of the fees collected by said officers, respectively, and paid into the treasury."

Soon after the adoption of the Constitution, and for the purpose of carrying the foregoing section into effect, the General Assembly enacted sections 41 and 46 of chapter 226, Acts 1893, now sections 1764 and 1769, Kentucky Statutes, which read as follows:

"Sec. 1764. The salary of each officer, his deputies and expenses of office, shall be paid monthly by the treasurer of the state upon the warrant of the auditor, made payable to the officer. If seventy-five per cent [75%] of the amount paid into the state treasury in any month is not sufficient to pay the salaries and expenses for that month, the deficit may be made up out of the amount paid in in any succeeding month; but in no event shall the amount paid by the auditor to any officer for salaries and expenses exceed seventy-five per cent. [75%] of the amount paid into the treasury each month by such officer, during his official term."

"Sec. 1769. If the amount paid to any officer during his term or incumbency shall not have been sufficient to pay the salaries and expenses of such officer and his office, the auditor shall, out of the money collected and paid as herein provided by his successor or the person appointed as collector, pay to such officer, or to the person entitled to receive the same, an amount sufficient to supply the deficit due for salaries and expenses, not exceeding seventy-five per cent [75%] of the amount of fees accrued during his official term, and which shall have been collected and paid into the treasury."

The debates of the Constitutional Convention show that the purpose of section 106 of the Constitution was to do away with the exorbitant fees of the offices and the consequent corruption of the voters, and throw but little light on the question before us. It is true that some

of the members questioned the soundness of a strictly salary plan on the ground that the officers, knowing that their salaries were safe, would make no effort to collect the fees of their offices, and that to meet this objection the convention adopted a modified plan by which the salaries, though fixed, were payable only out of three-fourths of the fees collected, and the adoption of section 106, supra, was soon followed by the enactment of the statutes.

We come then to a consideration of the statutes. According to section 1764, supra, "If seventy-five per cent [75%] of the amount paid into the state treasury in any month is not sufficient to pay the salaries and expenses for that month, the deficit may be made up out of the amount paid in in any succeeding month." Counsel for the Auditor call attention to the language "the deficit may be made up out of the amount paid in in any succeeding month," and insist not only that this is the only authority for making up a deficit, but that the plain purpose of the act was to prevent the officers from collecting enough fees to pay their salaries and expenses, and then loafing on their jobs. As the Legislature may have assumed that as the surplus was already to the credit of the officer, no further provision was necessary, it may be doubted if section 1764 alone would necessarily exclude the right of an officer to apply a prior surplus to a succeeding deficit; but, however that may be, the Legislature did not stop with section 1764 but clarified its purpose by the enactment of section 1769. By that section:

> "If the amount paid to any officer during his term or incumbency shall not have been sufficient to pay the salaries and expenses of such officer and his office, the auditor shall, out of the money collected and paid as herein provided by his successor or the person appointed as collector, pay to such officer, or to the person entitled to receive the same, an amount sufficient to supply the deficit due for salaries and expenses," etc.

This language deals with the term or incumbency of the officer, and not with any particular month of his term, and makes it plain that, if the amount paid to any officer during his entire term is not sufficient to pay salaries and expenses, the deficit may be supplied out of three-fourths of the money collected by his successor, or the person appointed as collector. It also disposes

594

of the argument that the purpose of the language employed was to prevent the officers from collecting enough fees to pay the salaries and expenses of their offices and then loafing on their jobs, by providing that collections made by their successors, or the persons appointed as collectors, may be used to make up any deficit occurring during their terms of office. Certainly, there is no reason why the officer should be given the benefit of collections made by his successor and denied the benefit of collections made by himself. Moreover, it must not be overlooked that the collections of the office do not depend altogether on the energy of the officer, but depend largely on the amount of business done and the present ability to pay. A situation might easily arise where, although there was a large surplus accruing from collections in the preceding months, the officer would be unable to pay the salaries and expenses of his office because the receipts during the months succeeding the deficit were not sufficient to make up the deficit. We do not believe that the Legislature intended such a manifest injustice. On the contrary, we are constrained to the view that the term of the officer and not the month is the unit, and that the Legislature intended that to the extent of 75 per cent. of the fees accruing during the officers' term and paid into the state treasury, whether collected by him, or by his successor or a collector, and regardless of the time they were paid or collected, should be available for the salaries and expenses of the office, and that any deficit in any month can be made up out of the surplus for any preceding month. We are confirmed in this view by the contemporaneous construction placed upon the statutes shortly after their enactment and acquiesced in by every auditor for a period of more than forty years. It follows that the judgment is correct.

Judgment affirmed.